SILVERMANACAMPORA LLP
Proposed Attorneys for the Debtor and Debtor in Possession
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Gerard R. Luckman, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
In re:

LKS CONCEPTS, LLC, d/b/a DYLAN PRIME,

                        Debtor.
-------------------------------------------------------------------- x

Chapter 11

Case No. 13-11390

### RULE 1007-2 AFFIDAVIT IN CONNECTION WITH CHAPTER 11 FILING

**STATE OF NEW YORK**    )
                               ) ss.:
**COUNTY OF NASSAU**    )

    **JOHN MAUTONE**, being duly sworn, deposes and says:

    1.    I am the managing member of LKS Concepts, LLC, d/b/a Dylan Prime (the "Debtor"), the above-named petitioner.

    2.    I submit this affidavit under S.D.N.Y. Local Rule 1007-2, and in support of the Debtor's voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), filed on April 30, 2013 (the "Petition Date").

**Nature of Debtor's Business**

    3.    In 2000, the other members and I established the Debtor pursuant to the Debtor's Operating Agreement and the laws of the State of New York. I became the managing member in 2000.

    4.    I am a member of the Debtor. I own 51.33% of the Debtor. The other members of the Debtor are as follow:

- Randy Waterfield
- Richard Waterfield
- JP Benviste

- Paul Westra

- Paul Jacobson

- Candace Matter-Walsh

- Sarat Sethi

- Peter Bobeck

5.  The Debtor is a limited liability company located at 62 Laight Street, New York, New York 10012 (the "Premises"). The Debtor rents the Premises pursuant to a lease agreement with E&G Realty.

6.  Until the Premises was padlocked by the New York State Department of Taxation and Finance ("DTF"), the Debtor operated a steakhouse and cocktail lounge out of the Premises, which is located in the Tribeca area of New York City.

7.  Until the Premises was padlocked by DTF, the Debtor employed 49 people, most of which worked as service staff, bartenders, and kitchen staff. Additionally, the Debtor also employed Scott Iber, CPA, as an accountant.

8.  The Debtor's filing is necessitated by the forced closure of the Debtor by the New York State Department of Taxation and Finance for unpaid sales and other taxes. On or about April 3, 2013, New York State Department of Taxation and Finance padlocked the doors of the Debtor. Since then, neither I nor any other members or employees have been able to enter the Premises.

9.  Since then, the Debtor has found a potential purchaser (the "Purchaser"). The Purchaser plans to offer to purchase the Debtor's assets, subject to higher and better offers (the "Proposed Sale").

10. The other members and I need access to the Premises in order to access the Debtor's books and records and provide the Purchaser with information needed to further evaluate the terms of the Proposed Sale.

11. I believe that Purchaser is willing to hire the Debtor's employees and re-open the restaurant as soon as possible. Consequently, the Proposed Sale, upon closing, will prevent the substantial loss of jobs that would otherwise result if the Proposed Sale did not occur and the Debtor was forced to liquidate under chapter 7 of the Bankruptcy Code.

**The Debtor's Assets and Liabilities**

12. The Debtor has personal property comprised of, among other things, furniture, fixtures, kitchen equipment, and wine and liquor, with an estimated value of $25,000.00, and a security deposit with the landlord of $30,000.00. The Debtor also has a security deposit with Consolidated Edison of $7,000.00, and computer equipment of minimal value.

13. The Debtor's liabilities total approximately $2,167,947.99, of which $741,147.99 is a secured claim to New York State Department of Taxation and Finance. There is approximately $14,000.00 owed to other secured creditors and $1,412,800.00 owed to general trade creditors, including a substantial obligation to the landlord.

14. A list of the creditors holding the largest unsecured claims against the Debtor's estate, together with their addresses and the amounts due, is annexed to the Debtor's petition. Additionally, Schedule D to the Debtor's petition reflects the secured claims asserted against the Debtor. That schedule reflects claims for money loaned, held by Advanced Restaurant Finance, in the amount of $9,000.00, and Pearl Capital, in the amount of $5,000.00. The Debtor's petition also reflects the secured claim owed to the New York State Department of Taxation and Finance.

15. I have been advised by Debtor's counsel that Debtor is a small business debtor as defined under Bankruptcy Code §101(51D) because it has liquidated, noncontingent secured and unsecured liabilities of less than $2,343,300.00. Accordingly, this is a small business case as defined under Bankruptcy Code §101(51C).

16. As stated above, DTF has taken control of the Premises by padlocking the doors. Debtor's counsel has been in touch with DTF, who has inform them that upon filing of the

CM/1299614.1/062912

Petition, DTF will surrender the keys so that the Debtor can regain access to the Premises.

17. Upon information and belief, there is no current pending litigation.

**WHEREFORE,** your deponent respectfully requests that (i) the Debtor be continued in the management of its business and financial affairs pending further order of this Court; and (ii) such other and further relief be granted to the Debtor as this Court deems just proper.

          */s/John Mautone*
          John Mautone
          Managing Member

Sworn to before me this
30th day of April, 2013

*/s/Gerard R. Luckman*
Notary Public

Gerard R. Luckman
Notary Public, State of New York
No. 02LU5048644
Qualified in Nassau County
Commission Expires August 28, 2015