|  |  |
|---|---|
|  | **Bid Procedures Hearing: June 6, 2013 at 10:00 a.m.** |
|  | Objections Due:  June 3, 2013 at 4:00 p.m. |
| **SILVERMANACAMPORA LLP** | Auction Date:  **June 18, 2013 at 10:00 a.m.** |
| Proposed Counsel LKS Concepts, LLC, d/b/a Dylan Prime |  |
| 100 Jericho Quadrangle, Suite 300 | **Sale Hearing:  June 20, 2013 at 10:00 a.m.** |
| Jericho, New York 11753 | Objections Due:  June 17, 2013 at 4:00 p.m. |
| (516) 479-6300 |  |
| Gerard R. Luckman, Esq. |  |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:

LKS CONCEPTS, LLC, d/b/a DYLAN PRIME,

                              Debtor.
------------------------------------------------------------------------x

Chapter 11

Case No. 13-11390 (JMP)

**NOTICE OF HEARINGS ON DEBTOR'S APPLICATION
FOR ENTRY OF (1) AN ORDER PURSUANT TO BANKRUPTCY
CODE §§105, 363 AND 365 AUTHORIZING AND APPROVING THE SALE OF
THE DEBTOR'S INTERESTS IN SUBSTANTIALLY ALL OF ITS ASSETS TO
LAIGHT RESTAURANT CORPORATION, SUBJECT TO HIGHER AND BETTER
OFFERS, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES
AND GRANTING RELATED RELIEF, AND WAIVER OF STAY UNDER BANKRUPTCY
RULE 6004 AND 6006; AND (2) AN ORDER ESTABLISHING SALE PROCEDURES,
INCLUDING APPROVAL OF A BREAK-UP FEE AND EXPENSE REIMBURSEMENT,
<u>CONTRACT CURE PROCEDURES, AND SHORTENED NOTICE OF HEARING</u>**

**PLEASE TAKE NOTICE**, that, by the application dated May 23, 2013 (the "Application"), LKS Concepts, LLC, d/b/a Dylan Prime (the "Debtor"), as debtor and debtor in possession, in by and through their counsel, SilvermanAcampora LLP, hereby submits this motion (the "Motion") seeking the entry of Orders in accordance with §§105, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"):  (1) authorizing and approving the terms and conditions of a certain asset purchase agreement (the "APA") for a sale by and between the Debtor, as seller, and Laight Restaurant Corporation ("Laight"), as buyer, of substantially all of the Debtor's assets, as well as the assumption and assignment of an associated unexpired lease of non-residential real property, for $230,000.00, subject to higher or better offers on the assets as may be tendered at a public auction sale (the "Auction"), to be held at the SilermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York, 11753 on **June 18, 2013 at 10:00 a.m.**, free and clear of all liens, claims, encumbrances, security interests and other restrictions on

transfer, with such interests to attach to the net proceeds of the sale, if any, in the amount and priority as they currently exist; (2) authorizing the consummation of the transactions contemplated therein, including the waiver of the stay under Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (3) approving certain bidding procedures for the Auction; (4) fixing the date for a hearing on the sale for **June 20, 2013 at 10:00 a.m.** (5) approving the form, time and scope of notice of the Auction; and (6) granting related relief.

I.   **SALE PROCEDURES HEARING**

**PLEASE TAKE FURTHER NOTICE**, that through the Application, the Debtor will move before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, Courtroom 601, New York, New York 10004, on **June 6, 2013 at 10:00 a.m.** (the "Procedures Hearing"), or as soon thereafter as counsel can be heard, for the issuance and entry of an Order (the "Procedures Order")[1]:  (i) approving the Sale Procedures, the Break-Up Fee and Expense Reimbursement, and the Noticing Provisions (collectively, the "Sale Procedures"); (ii) approving the Assignment Procedures; (iii) scheduling the Auction and Final Sale Hearing; and (iii) granting related relief.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief sought in the Application shall be in writing, filed with the Court electronically in accordance with General Order M-399, by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court, Alexander Hamilton U.S. Custom House, One Bowling Green, New York, New York 10004-1408, on a 3.5 inch floppy disk, preferably in Portable Document Format (.pdf), WordPerfect or any other Windows-based word processors format (with a hard copy delivered directly to the chambers of

---

[1] A copy of the proposed Procedures Order is annexed hereto as **Exhibit B**.

2

the Honorable James M. Peck, One Bowling Green, New York, New York 10004), and served in accordance with General Order M-399 or other form upon: (i) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Gerard R. Luckman (proposed attorneys for the Debtor); (ii) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Susan Golden, Esq., so as to be actually received no later than **June 3, 2013 at 4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE,** that the Debtor is asking the Court to approve Sale Procedures, and make them applicable to all persons or entities that would like to submit a bid for the Assets at the Auction; which are summarized as follows (the "Sale Procedures"):[2]

(a) The Assets will be offered for sale in bulk, as provided for under the APA;

(b) Only "Qualified Bidders" will be permitted to bid for the Assets; upon execution of the APA, Laight will be deemed to have satisfied all requirements to be a Qualified Bidder;

(c) To be a "Qualified Bidder" an individual or entity must submit to counsel for the Debtor no later than two (2) business days prior to the Auction (the "Bid Deadline"): (i) a bid in writing accompanied by the identity of such bidder and that of an officer or authorized agent who will appear on behalf of such bidder; (ii) a good faith cash deposit by cashier's or certified check (made payable to the Debtor) or wire transfer of immediately available funds in the amount of the greater of $25,000.00 or equal to ten (10%) percent of such bid (in each instance, the "Bid Deposit"); (iii) evidence, satisfactory to the Debtor, that the bidder has the financial ability to satisfy its bid in cash or by wire transfer; and (iv) evidence, satisfactory to the Debtor, that the bidder has the ability to close the purchase immediately after the Sale Hearing, and no in case later than June 28, 2013. Among other things, the bid must identify any executory contracts or unexpired leases that the bidder wants to acquire in conjunction with its bid and such bidders willingness and ability to pay the cure payment on such contracts or leases. Additionally, bids will be shared with Laight in advance of the Auction;

---

[2] Any potential purchaser will be required to execute a confidentiality agreement, and provide the Debtor with its financial qualifications and such other information as the Debtor may reasonably request no later than two (2) business days prior to the Bid Deadline.

3

    (d)    The full amount of the Bid Deposit required herein will be payable by cashier's check, certified check, or wire transfer of immediately available funds to be deposited with Debtor's counsel (SilvermanAcampora LLP), and will be nonrefundable in the event that the bid is approved by the Bankruptcy Court. The Bid Deposit from the successful bidder will be applied as a credit against the purchase price paid by the successful bidder. At the conclusion of the Auction and upon approval by the Court of the winning bid, all Bid Deposits made by bidders other than the successful bidder will be returned promptly;

    (e)    Bids at the Auction must be all cash, without financing or other contingencies. To the extent a Qualified Bidder intends to bid on executory contracts or unexpired leases, the Qualified Bidder will be required to provide evidence of its ability to provide adequate assurance of future performance, and the bid must be of a sufficient amount of proceeds so that the Debtor can cure any existing defaults under such contract and/or leases, if any;

    (f)    The initial overbid shall be no less than the aggregate of (a) the Purchase Price (as defined in this Motion), plus (b) $5,000.00, plus (c) an additional $15,000.00 which is an amount equal to the Break-Up Fee, plus (d) an additional $10,000.00, which is amount equal to the Expense Reimbursement (the "Minimum Overbid");

    (g)    Following the Minimum Overbid, all subsequent bids must be in increments of not less than Ten Thousand and 00/100 ($10,000.00) Dollars over the prior bid;

    (h)    The Assets will be sold to the Qualified Bidder submitting the highest or best bid, subject to the reasonable business judgment of the Debtor;

    (i)    The successful bidder must be prepared to close the purchase no later than fourteen (14) calendar days following the entry of the Sale Order, unless the Sale Order contains a waiver of stays under Bankruptcy Rules 6004, 6006, and 7062, in which case the closing must immediately after the Sale Hearing, and no in case later than June 28, 2013; and

    (j)    If a successful Qualified Bidder fails to close the purchase in accordance with the terms herein, it will forfeit its Bid Deposit, and the Assets will be sold to the bidder submitting the next highest bid (as approved by the Court at the Sale Hearing).

**PLEASE TAKE FURTHER NOTICE,** that the APA provides that, in the event Laight is

not the successful bidder at the Auction, Laight shall be entitled to a break-up fee, in the amount of $15,000.00 (the "Break-Up Fee"), and an expense reimbursement, in the amount of $10,000.00 (the "Expense Reimbursement").

**PLEASE TAKE FURTHER NOTICE**, to facilitate and effectuate the sale of their assets, the Debtor also seeks authority to assume and assign certain contracts (the "Contracts") to the buyer. As such, the Debtor further seeks authority to establish a process (the "Assignment Procedures") to (i) determine the amount of any cure obligations, if any, necessary to be paid in accordance with Bankruptcy Code §365 those Contracts that may be assumed by the successful bidder, and (ii) establish objection procedures for the counterparties to the Contracts proposed to be assumed and assigned. The proposed Assignment Procedures are as follows:

(a) <u>Notice of Assignment Procedures</u>. Within one day after entry of the Sale Procedures Order, the Debtor will file an assignment schedule (the "Assignment Schedule") with the Court and serve such Assignment Schedule by overnight delivery on the non-debtor counterparties to those Contracts. The Assignment Schedule will include (i) the title of the Contract to be assumed, (ii) the name of the counterparty to the Contract, (iii) any applicable cure amounts, (iv) the identity of the assignee, and (vi) the deadline by which any such Lease or Contract counterparty must object.

(b) <u>Objection to Assumption and/or Assignment of Contracts and/or Cure Procedures</u>. Any objections to the assumption and/or assignment of any Contract identified on the Assignment Schedule, including to the cure amount set forth on such schedule, must be in writing, filed with the Court, and be actually received by counsel to the Debtor and counsel to Laight no later than ten (10) days after the Assignment Schedule is mailed to the affected party (the "Assignment and Cure Objection Deadline").

(c) <u>Resolution of Objections</u>. If no objections are received by the Assignment and Cure Objection Deadline, then the assumption and assignment are authorized and the cure amounts set forth in the Assignment Schedule shall be binding upon the nondebtor party to the Contract for all purposes and will constitute a final determination of total cure amounts required to be paid by the Debtor in connection with the assignment to the successful Bidder. In addition, each non-debtor party to such unexpired Contract shall be forever barred from objecting to the cure information set forth in the Assignment Schedule, including, without limitation, the right to assert any additional cure or other

5

    amounts with respect to the Contract arising or relating to any period prior to such assumption or assignment. If no objections to the assumption or assumption and assignment are received by the Assignment and Cure Objection Deadline, counsel for the Debtor may submit to the Court a certificate of no objection and a form of order (collectively, the "Certificate of No Objection") granting the requested assumption and/or assignment of the Contract, and serve such Certificate of No Objection on the counterparty to the Contract. The order approving such assumption and/or assignment may then be entered by the Court twenty-four (24) hours after the Certificate of No Objection is filed.

 (d) If a timely objection is received and such objection cannot otherwise be resolved by the parties, the Court may hear such objection at the Sale Hearing, if the Assignment Schedule is served at least eleven (11) days prior thereto, or any later date set by the Court. The pendency of a dispute relating to cure amounts will not prevent or delay the assumption and assignment of any Contracts. If an objection is filed only with respect to the cure amount listed on the Assignment Schedule, the Debtor may file a Certificate of No Objection as to assumption and assignment only and the dispute with respect to the cure amount will be resolved consensually, if possible, or, if the parties are unable to resolve their dispute, before the Court. The Debtor intends to cooperate with the counterparties to Contracts to attempt to reconcile any difference in a particular cure amount.

**PLEASE TAKE FURTHER NOTICE,** Laight seeks under the APA to take an assignment of the unexpired non-residential Lease for space located at 429-435 Greenwich Street, a/k/a 62 Laight Street, New York, New York. In anticipation of an assignment of the Lease, Laight has negotiated with the nondebtor party to the Lease, E&G Realty, to pay an amount approximately equal to the rent arrears from December 2012 until the closing date, as a partial cure payment for the Debtor's arrears. If Laight is the successful bidder, it has an agreed payout of the remaining negotiated cure payment to the Landlord.

**PLEASE TAKE FURTHER NOTICE, THAT THE BID OF ANY BIDDER FAILING TO COMPLY WITH THE ABOVE REQUIREMENTS MAY NOT BE CONSIDERED BY THE DEBTOR, IN THEIR DISCRETION.**

**PLEASE TAKE FURTHER NOTICE,** that any interested party may obtain additional information regarding the terms and conditions of the sale of the Assets by contacting:

6

SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, (516) 479-6300, Attn: Cooper J Macco, Esq.  The Application contains further, important information about the relief to be requested at the Hearing.

## II.     THE AUCTION

**PLEASE TAKE FURTHER NOTICE**, that the Auction is scheduled for **June 18, 2013 at 10:00 a.m.** at SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753.

## III.    HEARING ON THE SALE OF THE ASSETS

**PLEASE TAKE FURTHER NOTICE**, that by and through the same Application discussed above, the Debtors will move before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, Courtroom 6001, New York, New York 10004, on **June 20, 2013 at 10:00 a.m.** (the "Sale Hearing"), or as soon thereafter as counsel can be heard, for the issuance and entry of an Order (the "Sale Order"):  (1) authorizing and approving the APA for a sale by and between the Debtor, as seller, and Laight, as buyer, of substantially all of the Debtor's assets, as well as the assumption and assignment of an associated unexpired lease of non-residential real property, for $230,000.00, subject to higher or better offers on the Assets, as may be tendered at a public auction sale.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief sought in the Application shall be in writing, filed with the Court electronically in accordance with General Order M-399, by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court, Alexander Hamilton U.S. Custom House, One Bowling Green, New York, New York 10004-1408, on a 3.5 inch floppy disk, preferably in Portable Document Format (.pdf), WordPerfect or any other Windows-based word processors format (with a hard copy delivered directly to the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004), and served in

accordance with General Order M-399 or other form upon: (i) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Gerard R. Luckman (proposed attorneys for the Debtor); (ii) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Susan Golden, Esq., so as to be actually received no later than **June 17, 2013 at 4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE**, that you need not appear at the Procedures Hearing or the Sale Hearing if you do not object to the relief requested in the Application.

**PLEASE TAKE FURTHER NOTICE,** that the Debtors may extend the deadlines set forth herein, may adjourn the Procedures Hearing, the Auction and/or the Sale Hearing, and/or may seek adjournment of the Procedures Hearing, the Auction and/or the Sale Hearing in open court, all without further notice.

Dated: Jericho, New York
    May 23, 2013

**SILVERMANACAMPORA LLP**
Proposed Counsel to LKS Concepts, LLC,
 d/b/a Dylan Prime

By:    */s/Gerard R. Luckman*
Gerard R. Luckman
A Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

8
CM/1305282.1/062912